IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**NUTRIEN AG SOLUTIONS, INC.**                                                  **PLAINTIFF**

**V.**                                                                **NO: 1:23-CV-114-GHD-DAS**

**MELVIN S. CLANTON d/b/a MELVIN S.
CLANTON FARM**                                                 **DEFENDANT**

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Presently before the Court is Plaintiff Nutrien Ag Solutions, Inc.'s Motion for Default Judgment. [8]. The Defendant, Melvin Clanton d/b/a Melvin S. Clanton Farm, has not responded to the present motion. Upon due consideration, the Court finds that Plaintiff's Motion for Default Judgment is granted in part and denied in part.

On August 29, 2023, Nutrien Ag Solutions, Inc. ("Nutrien") filed a complaint in the United States District Court for the Northern District of Mississippi against Melvin Clanton, doing business as Melvin S. Clanton Farm. The complaint asserts diversity jurisdiction based on complete diversity between the parties and alleges a claim for breach of contract along with a claim for breach of guaranty seeking "the amount of $679,587.61, both pre- and post-judgment interest and reasonable attorneys' fees and costs to the extent allowed by law." [1]. The breach of contract and guaranty claims arise from an alleged breach of a credit agreement executed by Melvin Clanton S. Farm and guaranteed by Melvin Clanton individually. Defendant Clanton was served with a copy of the summons and complaint on September 26, 2023. [4]. On November 1, 2023, Nutrien moved for entry of default [6] based on the Defendant's failure to answer or otherwise respond to the complaint. Default was entered against the Defendant on November 2, 2023. [7]. On November 8, 2023, Nutrien filed the present motion for default judgment [8].

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. "The Fifth Circuit requires a three-step process for securing a default judgment." *Chevron Intell. Prop., L.L.C. v. Mashiana*, No. 4:10-CV-352, 2011 WL 2637372, at *1 (E.D. Tex. June 10, 2011) (citing *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). A default occurs when the defendant fails to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. *Id*. (citing Fed. R. Civ. P. 55(a); *New York Life Ins*., 84 F.3d at 141). The clerk may then enter an entry of default when default is established by affidavit. *Id*. citing Fed. R. Civ. P. 55(a); *New York Life Ins*., 84 F.3d at 141. After entry of default, the plaintiff may seek a default judgment. *Id*. citing Fed. R. Civ. P. 55(a). The Plaintiff, Nutrien, has satisfied these requirements in relation to the defendant.

In determining whether a default judgment is procedurally warranted, a court should consider "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp*., 161 F.3d 886, 893 (5th Cir. 1998). Where a party fails to respond to or answer the complaint, there are no material issues of fact at issue. *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc*., No. 3:12-CV-4194, 2013 WL 1828671 at *3 (N.D. Tex. May 1, 2013). A failure to respond to the complaint causes prejudice as "failure to respond … threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interest in pursuing its rights afforded by law." *Id*. As stated above, the grounds for default have been clearly established. There is also no evidence before the Court demonstrating that the default was the result of a good faith mistake of

excusable neglect. The Defendant has had months to attempt to set aside the default but has failed to do so, thus mitigating the harshness of a default judgment. *Helena Chem. Co. v. Aylward*, No. 4:15-CV-96, 2016 WL 1611121, at *2 (N.D. Miss. Apr. 21, 2016). Lastly, the Court is unaware of any factors that would make it obliged to set aside the default. Considering each of these factors, the Court finds that they each weigh in favor of default judgment being procedurally warranted in this case.

Because the Defendant has failed to timely answer or otherwise plead in the instant limitation, the well-pleaded allegations in the Complaint [1] are taken as admitted. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *CENTRIA v. Alpy Architectural Bldg. Sys., LLC*, No. 4:11-CV-79-CWR-LRA, 2012 WL 73235, at *4 (S.D. Miss. Jan. 10, 2012) (citation omitted). Following this conclusion, a basis exists in the pleadings to support Nutrien's breach of contract and guaranty claims against the Defendant. The complaint shows that a valid credit agreement existed between Nutrien and Melvin Clanton, doing business as Melvin S. Clanton Farm, and that Defendant Clanton was a personal guaranty of the credit being extended by Nutrien. Further, it is established that Defendant Clanton used this available credit and later became delinquent on the debt owed.

A default judgment "establishes the defendant's liability but not the quantity of damages." *L. Funder, LLC v. Munoz*, 924 F.3d 753, 761 (5th Cir. 2019). The "burden of establishing damages rest[s] squarely and solely on [the plaintiff]." *Flynn v. People's Choice Home Loans, Inc.*, App'x 452, 457 (6th Cir. 2011). Relying on the affidavit of Wendy Glass, special assets manager of Nutrien, and the attached documents, Nutrien seeks $679,587.61, which includes the principal, interest, fees, and costs. The Court finds no reason to vary from Nutrien's calculation of damages absent any evidence to the contrary. *See Gross v. RSJ Int'l, LLC*, No. 11-73, 2012 WL 729955, at

3

*5 (E.D. La. Mar. 6, 2012) ("Even when a request for damages rests upon [a party's] own affidavit, …. the showing of damages is sufficient, absent any evidence to the contrary." "Damages may not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). In addition, "[w]here the amount of damages and/or costs can be determined with certainty by reference to the pleadings and supporting documents and where a hearing would not be beneficial, a hearing is unnecessary." *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993). In this circumstance, the Court is able to determine with certainty the figure of damages by reference to the pleadings and supporting documents, and thus a hearing on damages is not necessary.

Nutrien further seeks pre and post judgment interest. The award of contractual interest obviates the need for a prejudgment interest award. *Nutrien Ag Solutions, Inc. v. DC Farms*, 2019 WL 6255495 at *5 (N.D. Miss. Nov. 22, 2019). Post-judgment interest "is awarded as a matter of course." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010). Nutrien is entitled to post-judgment interest at the statutory rate.

Nutrien also seeks attorneys' fees and costs in this matter in the amount $4,128.00 for fees and $412.98 in costs. While attorneys' fees are authorized by the agreement, such fees must be reasonable. *See Dynasteel Corp. v. Aztec Indus., Inc.*, 611 So. 2d 977 (Miss. 1992) (noting one-third fee for indebtedness presumptively reasonable but still subject to evaluation under "common factors for determining the reasonableness of an attorneys' fee award."). While Nutrien's amount requested for attorneys' fees and costs is well below the one-third indebtedness in this case, Nutrien fails to include a calculation and description of the hours its attorneys worked on the matter and the associated rates. While an affidavit is provided stating that the total fees and costs are

4

reasonable, without underlying details of the incurred fees and costs the Court cannot evaluate the reasonableness of the attorneys' fees and costs requested.

## Conclusion

Therefore, the Plaintiff's motion for default judgment is GRANTED IN PART AND DENIED IN PART. It is GRANTED such that a default judgment will be entered against Defendant Melvin Clanton as to the loan balance plus post-judgment interest. It is DENIED without prejudice in all other respects. Within fourteen (14) days of the entry of this order, Nutrien Ag Solutions may submit specific information supporting its request for attorneys' fees and costs. If no such information is received within that time period, the Court will issue a default judgment based on the conclusions in this order.

SO ORDERED, this the 22nd day of January, 2024.

_____
SENIOR U.S. DISTRICT JUDGE