IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**NUTRIEN AG SOLUTIONS, INC.**                                    **PLAINTIFF**

V.                                                           NO: 1:23-CV-114-GHD-DAS

**MELVIN S. CLANTON d/b/a MELVIN S.
CLANTON FARM**                                                     **DEFENDANT**

## DEFAULT JUDGMENT

Presently before the Court is Plaintiff Nutrien Ag Solutions, Inc.'s supplementation to the record regarding the award of attorneys' fees and costs. [10]. The Court previously granted in part [9] Plaintiff's motion for default judgment and instructed the Plaintiff to outline the underlying details of the incurred fees and costs. The motion for default [6] was granted in all other respects, except as to statutory pre-judgment interest, and now the Court is left to determine the award of attorneys' fees and costs.

Plaintiff originally sought attorneys' fees and costs in this matter in the amount $4,128.00 for fees and $412.98 in costs. However, Plaintiff now seeks an additional $936.00 in attorneys' fees and $120.87 in costs that have since been occurred from the previously filed request for fees. The total now requested is $5,064.00 in attorneys' fees and $533.85 in costs, for a total amount of $5,597.85.

As previously stated in the Court's previous order [9], attorneys' fees are authorized by the agreement, but such fees must be reasonable. *See Dynasteel Corp. v. Aztec Indus., Inc.*, 611 So. 2d 977 (Miss. 1992) (noting one-third fee for indebtedness presumptively reasonable but still subject to evaluation under "common factors for determining the reasonableness of an attorneys' fee award."). After review of Plaintiff's recent filing providing details of the hours billed and the associated rates, along with considering the common factors discussed in *Dynasteel Corp.*, the

1

Court finds that Plaintiff's request for attorneys' fees and costs is well taken and should be granted. *Id.*

Therefore, the Plaintiff's motion for default judgment is GRANTED IN PART as fully discussed in the Court's previous order [9], with the motion for default only DENIED IN PART as to statutory pre-judgment interest, as the contractual pre-judgment interest will instead apply. In accordance with the terms of the parties' loan agreement, Plaintiff is entitled to a judgment in the amount of $679,587.61, plus pre-judgment interest at the contractual rate, plus post-judgment interest at the statutory rate, and reasonable attorneys' fees and costs in the amount of $5,597.85.

SO ORDERED AND ADJUDGED, this the ___16th___ day of February, 2024.

_____
SENIOR U.S. DISTRICT JUDGE